```
           UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

DONAU FURNIER, GmbH,            :    **CIVIL NO. 1:10-CV-0222**
                                :
         Plaintiff              :    (Magistrate Judge Smyser)
                                :
    v.                          :
                                :
M&T VENEER CORPORATION,         :
                                :
         Defendant              :

## **MEMORANDUM**

A complaint was filed in this case on January 27, 2010. The plaintiff is Donau Furnier, GmbH, a German company. The defendant is M&T Veneer Corporation, a Dover, York County, Pennsylvania Corporation. Diversity jurisdiction under 28 U.S.C. § 1332(a) is invoked by the plaintiff. An answer to the complaint was filed on March 31, 2010. (Doc. 3).

The plaintiff, Donau, supplies high quality furniture grade hardwoods. The defendant fabricates veneer for furniture manufacture and for other interior uses such as doors and paneling. The complaint alleges that in June of 2008 M&T ordered a large quantity of veneer grade wood from Donau. It

alleges that the goods were shipped on July 29, 2008, on August 30, 2008 and on September 27, 2008.

The parties agree in the complaint and answer that all of the goods that were ordered and shipped were of the quality and quantity ordered and that the goods arrived in good condition and undamaged. They agree that M&T made no complaint to Donau as to any of the goods involved here.

The complaint alleges that a small quantity of the goods were returned to Donau by M&T. The complaint alleges that M&T has failed to pay for the goods that were not returned. The complaint alleges that on the basis of the invoices, the returns and a credit for the returned goods, a balance of $324,896.51 is owed by M&T to Donau for the goods. The complaint alleges that the parties had a contract, that the defendant breached the contract and that the amount of $324,896.51 is owed by M&T to Donau and should be ordered by the court to be paid by M&T to Donau.

The complaint seeks an award of $324,896.51, prejudgment interest and allowable costs.

The answer to the complaint admits some and denies some of the factual allegations of the complaint summarized above and states 14 affirmative defenses.

On April 15, 2010, the plaintiff filed a motion for summary judgment, asking the court to grant summary judgment in favor of the plaintiff and against the defendant in the amount of $324,896.51 plus prejudgment interest. (Doc. 9). A LR 56.1 statement of facts was filed. (Doc. 10). A supporting memorandum and documents in support of the motion were filed in one solitary combined document with the motion.

The opposition of the defendant to the plaintiff's motion for summary judgment is presented to the court in the defendant's "Response" filed on May 6, 2010. (Doc. 15). The plaintiff on May 12, 2010 filed a reply brief in support of the plaintiff's motion for summary judgment. (Doc. 17).

3

Plaintiff Donau asserts that it is entitled to summary judgment on the basis of the undisputed facts that all of the goods ordered by defendant M&T from it were received by M&T in sealed ocean containers, undamaged, in good order and condition; that M&T made no complaint as to quality, quantity or condition of the goods it had received; and that M&T through a principal of the company confirmed as accurate an accounting statement prepared by the plaintiff (Exhibit 5 to the plaintiff's motion).

The plaintiff's motion is supported by the affidavit of Erwin Stoker. He states that he is a managing director of Donau. He states that the factual allegations in the complaint are true and correct. He states that for ten months preceding June of 2008 M&T purchased veneer grade wood from Donau. The invoice price was negotiated on each occasion at the Donau facility where M&T principals came for that purpose. The goods were shipped to M&T by Donau, and the terms of payment were generally "90 days after bill of lading issued." Michael Duty, a M&T principal, came to Donau's facility in Germany in June of 2008, and he inspected the veneer that is the subject of the

4

complaint there at that time. After inspection and ordering, the invoices (copies of which are at Exhibit A to the complaint) were prepared including the prices that had been negotiated. The invoices were sent to M&T. M&T presented no complaint or question concerning the invoices to Donau. The goods were shipped from Donau to M&T. Copies of the bills of lading are a part of the summary judgment record. Certain of the goods were returned to Donau upon the agreement of the two parties to reduce the unpaid amount after M&T had not made payment to Donau for a period of time after receiving the goods. A credit to the account was made by Donau for the returned goods. Donau has not received any payment from M&T for the goods received and retained by M&T.

The Stoker affidavit states that Exhibit 5 to the motion for summary judgment is a copy of a communication sent from Donau's accountants, Horntreuhand GmbH, to M&T, signed by M&T and returned to Donau, acknowledging the account balance as of April 7, 2010 to be $324,896.51.

The defendant presents in opposition to the motion for summary judgment neither a LR 56.1 statement of facts nor an affidavit nor documentation nor evidence of any form.

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has established that it would be entitled to a judgment on the basis of admissions, affidavits and documentation, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

A material factual dispute is a dispute as to a factual issue the determination of which will affect the outcome of the trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Summary judgment is not appropriate when there is a genuine dispute about a material fact. *Id.* at 248. A dispute as to an issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson, supra,* 477 U.S. at 249-50. In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving

7

party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial. *Anderson, supra,* 477 U.S. at 249. The proper inquiry of the court in connection with a motion for summary judgement "is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

The assertions of the defendant in the "new matter" stated in its response are that there are material issues of fact in dispute: whether the listed attorney-in-fact is a proper party in interest, whether the amount of the relief requested is accurate, the amount of attorney fees, the terms of the invoices, what was discussed before the purchase, whether the exchange rate in the invoices is accurate, whether

8

the plaintiff abided by an agreement to accept any gain or loss from the exchange rate from the defendant agreeing to pay in U.S. dollars, whether the defendant is entitled to additional credits for products that were returned, whether the defendant was overcharged for product that was received, whether the "value of the veneer . . . was overpriced" in light of economic conditions and fair market value, and whether the plaintiff agreed that payments could be made over time as the defendant sold its products integrating the plaintiff's veneers.

In the absence of an affidavit and in the absence of a LR 56.1 statement, the defendant has no basis to assert that there are material facts in dispute as to the facts established by the plaintiff in the plaintiff's motion for summary judgment.

The contractual elements of offer, acceptance and consideration are not arguably absent from the contract alleged by and shown by the plaintiff. The defendant does not dispute the existence of offer, acceptance and consideration. The

9

defendant asserts that the terms of the contract are as the plaintiff presents them to be.

Neither party contends that German law is applicable here as to the interpretation of the contract. We will proceed on the basis that the law of Pennsylvania applies.

Under Pennsylvania law, the court must examine the contract to determine the intent of the parties as they have objectively manifested it. *Hullett v. Towers, Perrin, Forster & Crosby, Inc.*, 38 F.3d 107, 111 (3d Cir. 1994). Pennsylvania courts apply the "plain meaning rule" of contract interpretation which assumes that the intent of the contracting parties is embodied in the contract itself, and when the words of the contract are clear and unambiguous the intent is to be discovered only from the language in the contract. *Id.*; *Samuel Rappaport Family Partnership v. Meridian Bank*, 657 A.2d 17, 21 (Pa. Super. Ct. 1995)(the intent of the parties to a written contract is contained in the writing itself).

As a preliminary matter the court must determine whether the contact is ambiguous. *Duquesne Light Co. v.*

*Westinghouse Elec. Corp.*, 66 F.3d 604, 613 (3d Cir. 1995). If the contract is unambiguous the court construes the contract as a matter of law. *Allegheny Intern. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1424 (3d Cir. 1994). "Although the intent of the parties to a contract is normally a question for the court, . . . it becomes a jury question if it is ambiguous and its resolution depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence." *Motor Coils Manufacturing Co. v. American Ins. Co.,* 454 A.2d 1044, 1048 (Pa. Super. Ct. 1982).

"A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Hutchison v. Sunbeam Coal Corp.*, 519 A.2d 385, 390 (Pa. 1986). A contract is not rendered ambiguous by the mere fact that the parties do not agree on the proper construction. *Duquesne Light*, *supra*, 66 F.3d at 614. There are two kinds of ambiguity: patent ambiguity and latent ambiguity:

> '[a] patent ambiguity is that which appears on the face of the instrument, and arises from the defective, obscure, or insensible language used.' *Black's Law Dictionary* 105 (rev. 4th ed. 1968). In contrast, a latent ambiguity arises from extraneous or collateral facts which make the meaning of a written agreement uncertain although the language thereof, on its

11

>       face, appears clear and unambiguous. *Easton v.*
>       *Washington County Ins. Co.*, 391 Pa. 28, 137
>       A.2d 332 (1957).

*Allegheny*, *supra*, 40 F.3d at 1424 (quoting *Steuart v. McChesney*, 444 A.2d 659, 663 (Pa. 1982)).

The question of whether a contract is ambiguous is not to be resolved in a vacuum. *Madison Construction Co. v. Harleysville Mutual Ins. Co.,* 735 A.2d 100, 106 (Pa. 1999). "Rather, contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts." *Id*. Pennsylvania law permits the court to examine certain forms of extrinsic evidence in determining whether a contract is ambiguous. *Duquesne Light*, *supra*, 66 F.3d at 614. "But lest the ambiguity inquiry degenerate into an impermissible analysis of the parties' subjective intent, such an inquiry appropriately is confined to determining 'the parties' linguistic reference.'" *Id*. (quoting *Mellon Bank, N.A. v. Aetna Business Credit, Inc.*, 619 F.2d 1001, 1011 n.12 (3d Cir. 1980)). Extrinsic evidence may be utilized to demonstrate the existence of a latent ambiguity. *Id*. In making the ambiguity determination the court must "consider the words of the contract, the alternative meaning suggested by counsel, and the nature of the objective evidence

12

to be offered in support of that meaning." *Mellon*, *supra*, 619 F.2d at 1011.

Words of common usage in a contract "are to be construed in their natural, plain, and ordinary sense," and the court "may inform our understanding of these terms by considering their dictionary definitions." *Madison Construction Co., supra,* 735 A.2d at 108.

The facts presented by the plaintiff are adequate to establish the terms of the contract between the plaintiff and the defendant. A price was agreed upon for a certain lot of goods. An invoice was prepared, containing a statement of the agreed price in U.S. dollars, the identity of the goods, the quantity of the goods, the delivery terms and the payment terms. The invoice constitutes a plain and unambiguous statement of the contractual terms. There is not a material issue of fact in dispute under the evidence presented by the plaintiff as to the essential terms of the contract or as to the status or amount of the account. The defendant has not stated contrary facts as to the terms of the contract or as to the status or the amount of the account. The defendant's general assertions of areas of factual disagreement do not

13

supply the basis for the court to say under Rule 56 that there is a dispute as to these putative factual issues. To have established that there is a dispute, the defendant would have had to present the assertion, under oath or penalty of perjury, of a person with personal knowledge of facts contradicting the plaintiff's showing of the essential terms of the contract.

There is not a genuine dispute as to a material issue of fact and the plaintiff is entitled to a judgment as a matter of law in the amount of $324,896.51 plus prejudgment interest.

The plaintiff also seeks prejudgment interest. Prejudgment interest is correctly awarded as a component of a damages award when the amount of damages is "ascertainable with mathematical precision." *Nedd v. United Mine Workers,* 488 F.Supp. 1208, 1213 (M.D. Pa. 1980). The amount of damages here is ascertained, with precision. It is $324,896.51. The terms of payment provided for payment on or before 90 days after the bill of lading date. (Doc. 1, Exh. A). The last bill of lading date was September 27, 2008. (Doc. 1, ¶5, Exh. B). On December 26, 2008, the payment for all shipments was due or past due. The elapsed time from that date to the present (518 days) is 1.42 years. The legal rate of interest is six

14

percent.  41 P.S. § 202.  A simple interest calculation is appropriate.  *Widmer Engineering, Inc. v. Dufalla,* 837 A.2d 459, 469 (Pa. Super. Ct. 2003).  The prejudgment interest for 1.42 years at six percent on $324,896.51 is $27,681.18.  The total award is $352,577.69.

**IT IS ORDERED** that the Clerk shall enter judgment in favor of the plaintiff and against the defendant in the amount of $352,577.69.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: May 27, 2010.