```
                     UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DONAU FURNIER, GmbH,              :    CIVIL NO. 1:10-CV-0222
                                  :
           Plaintiff              :    (Magistrate Judge Smyser)
                                  :
     v.                           :
                                  :
M&T VENEER CORPORATION,           :
                                  :
           Defendant              :
```

## MEMORANDUM AND ORDER

The defendant has filed a motion for reconsideration of the Memorandum and Order[1] of May 27, 2010 (Doc. 20), granting the motion of the plaintiff for summary judgment and directing the Clerk to enter judgment in favor of the plaintiff in the amount of $352,577.69. The defendant asserts that the court erred in entering the order.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A district court may grant a party's

---

1. The order was contained within a document titled **Memorandum**. The document should have been titled **Memorandum and Order**.

motion for reconsideration when there exists: "(1) the development of an intervening change in the law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or prevent a manifest injustice." *Cohen v. Austin*, 869 F. Supp. 320, 321 (E.D.Pa. 1994). If there is no new evidence or no clear error of law, the motion must be denied. *Clifford v. Jacobs*, 739 F. Supp. 957, 958-59 (M.D.Pa. 1990). Mere disagreement with the court does not translate into a clear error of law. *Petruzzi's, Inc. v. Darling-Delaware Co., Inc.*, 983 F.Supp. 595, 611 (M.D. Pa. 1996). "A motion for reconsideration is not a tool to relitigate and reargue issues which have already been considered and disposed of by the court." *Id*. "Nor is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment. *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994), *aff'd*, 31 F.3d 1175 (3d Cir. 1994). In the interest of finality, courts should grant motions for reconsideration sparingly. *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D.Pa. 1992).

2

The defendant asserts that there is a manifest injustice in that the court entered summary judgment on the basis of the facts established by the plaintiff in support of the plaintiff's motion for summary judgment and, in doing so, based its decision in part upon the absence of affidavits, documentation and a LR 56.1 statement from the defendant. The defendant states that no LR 56.1 statement of the defendant was filed "because counsel did not receive the Affidavit of the Defendant signed until after the Response to the Plaintiff's Motion for Summary Judgment was due on May 6, 2010." The defendant presents an "affidavit"[2] of Theresa Duty, president and CEO of the defendant company. She states that all of the invoices received from the plaintiff were in German. She states that "[a]t the time that the parties were negotiating veneer sale price and delivery terms in June of 2008, Plaintiff agreed to accept any gain or loss from the exchange rate from Defendant paying in U.S. dollars", that M&T Veneer "cannot

---

2. The unsworn declaration of Theresa Duty is not an affidavit. An affidavit is "... taken before a person having authority to administer [an] oath or affirmation". Black's Law Dictionary, Sixth Edition. The Duty "affidavit" contains no language of oath or affirmation of the affiant and there is no indication of an authorized witness to the affiant's oath or signature.

3

discern from the invoices attached to Plaintiff's [sic] if the damages alleged contemplate that agreement", that M&T Veneer "may be entitled to additional credits for product that was returned and/or was overcharged for product that was received by the Defendant" and that M&T Veneer "believes that the value of the veneer sold by Plaintiff was priced at the time of sale in light of economic conditions and the fair market price of veneers at the time of the sales."  She states that "[p]laintiff agreed to accept payment for the product Plaintiff sold to M&T Veneer as M&T Veneers sold its products containing the Plaintiff's Products."

In the memorandum in support of the motion for reconsideration, the defendant argues that the court should not have acted on the plaintiff's motion for summary judgment on the basis of the plaintiff's LR 56.1 statement and the plaintiff's affidavit and documentation.  But the defendant did not file any motion for an extension of time and the motion for summary judgment was ripe for decision under the briefing rules of the court.  The court acted under the appropriate rules in

4

determining the summary judgment record and in addressing the motion.

Even if the court were to consider the Duty affidavit, and even if it were to be overlooked that the "affidavit" does not contain any indicia of oath or affirmation, the affidavit's statements of material fact are unacceptably unclear in presenting facts that can be considered to have evidentiary admissibility and probative value. No invoice is presented. No documentation of the contractual terms alleged by the defendant to have been in place are presented. No attestation to parol conversations setting and agreeing upon terms is presented. The statements in paragraphs 7,8 and 9 of the affidavit lack sound diction. The agreement referred to in paragraph 10 is, again, presented by way of a conclusory statement, not by way of the affiant's personal knowledge based on a recollection of a material negotiation and of words of agreement spoken by identified persons.

The defendant has submitted with its motion an untimely LR 56.1 statement. This statement addresses a document

5

submitted in support of the plaintiff's motion for summary judgment, Exhibit 5, the Stoker affidavit. But the Stoker affidavit had identified, authenticated and explained that Exhibit. The defendant's response to the summary judgment motion had no evidentiary counter to the exhibit and the Stoker explanation. Now, even, the defendant presents no evidentiary counter to the exhibit and the Stoker explanation.

The defendant's motion for reconsideration does not present grounds for reconsideration. The defendant's motion for reconsideration will accordingly be denied.

**IT IS ORDERED** that the defendant's motion (Doc. 22) for reconsideration is **DENIED**.

                                        ***/s/ J. Andrew Smyser***
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated: July 16, 2010.